UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JONATHAN ALAJEMBA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:11-cv-00472 |
| | ) | Judge Campbell |
| v. | ) | |
| | ) | |
| RUTHERFORD COUNTY TENNESSEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se* and *in forma pauperis*, is incarcerated at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. He brings this action under 42 U.S.C. § 1983 against Rutherford County, Tennessee, and Rudd Medical Management, alleging that his constitutional rights are being violated by his continued segregation from the general inmate population and by the defendants' failure to properly treat his mental illnesses. (Docket No. 1). He seeks his immediate release from segregation, immediate hospitalization for his mental health illnesses, and damages in the amount of seven hundred fifty thousand dollars ($750,000.00). (*Id.* at p. 5).

I.  **Prison Litigation Reform Act Standard**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S.

1

319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## II. Facts

As alleged in the *pro se* complaint and construed liberally, the relevant facts are as follows: The plaintiff was arrested for first degree murder in December 2008. He was incarcerated at the Rutherford County Adult Detention Center, where he was placed in segregation.

The plaintiff states that he suffers from "many mental health illnesses" and that the continued isolation of segregation has exacerbated his existing mental illnesses. The plaintiff has filed grievances in an attempt to be removed from segregation. The plaintiff has attempted to harm himself several times. He hears voices "in his head." At times, he has been placed on suicide watch. At one point, someone from the "Mental Health Crisis Center" evaluated the plaintiff and recommended that the plaintiff be transferred to a mental hospital for further evaluation, but the plaintiff was not transferred. Instead, he was permitted to see a jail nurse and was prescribed medication that the plaintiff claims he previously "had a strong reaction to." The plaintiff was later taken to a hospital but not admitted. The jail nurses told the plaintiff that, if he went to sleep, he

2

would stop hearing the voices and that they would "cross their fingers and hope that the voices go away." (Docket No. 1 at pp. 5-6).

## III.  Section 1983 Standard

The plaintiff alleges claims under § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## IV.  Analysis

The plaintiff's complaint names as defendants Rutherford County, Tennessee, and Rudd Medical Management. Rutherford County, Tennessee, is the entity responsible for the operation of the Adult Detention Center where the plaintiff is incarcerated. However, a claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by Rutherford County or its agent. *Monell*, 436 U.S. 658, 690-691. In short, for Rutherford County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

The plaintiff here has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Rutherford County. Consequently, the plaintiff has failed to state a claim against Rutherford County.

The plaintiff also alleges § 1983 claims against Rudd Medical Management. Delays in providing medical care, including care for mental health conditions, may give rise to a violation of a prisoner's rights under the Eighth Amendment. However, such delays do not rise to the level of a constitutional violation unless a plaintiff complains that he suffered a detrimental effect to his health as a consequence of the alleged delay. *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005)(citing *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001)).

Here, the plaintiff has alleged that the defendant's delay in providing mental health treatment, such as prescribing appropriate medication for the plaintiff's mental health disorders, obtaining mental health evaluations for the plaintiff, and transferring the plaintiff to a mental health facility, has caused and is causing the plaintiff to "hear voices" and attempt harm to himself, such as cutting his arm and smashing his head against a concrete wall. (Docket No. 1 at pp. 5-6). Although it is far from certain that the plaintiff ultimately can prevail on this claim, the court finds that the plaintiff has sufficiently stated a non-frivolous claim under the Eighth Amendment of the United States Constitution through 42 U.S.C. § 1983 against Rudd Medical Management.

## V. Conclusion

For the reasons stated above, the court finds that the complaint states at least one actionable claim against Rudd Medical Management. 28 U.S.C. § 1915(e)(2). However, the plaintiff's claims against Rutherford County, Tennessee, fail to state claims upon which relief can be granted under § 1983. Accordingly, all claims against Rutherford County, Tennessee, will be dismissed with prejudice.

An appropriate Order will be entered.

*/s/ Todd Campbell*
Todd J. Campbell
United States District Judge